**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLODYMYR LOGVINOV, et al., | No. C-11-04772 DMR |
| Plaintiffs, | **ORDER GRANTING DEFENDANT WELLS FARGO'S MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, et al., | |
| Defendants. | |

Defendant Wells Fargo Bank moves the court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs Volodymr Logvinov and Lyudmyla Logvinova's complaint. The court conducted a hearing on December 8, 2011, during which the parties were given an opportunity to present oral argument. For the reasons below, Defendants' motion is granted.

## I. BACKGROUND

On October 18, 2007, Plaintiffs executed a promissory note in favor of World Savings Bank, FSB ("World Savings Bank") for $1,000,000, which was secured by a deed of trust on real property located at 311 Laguna Honda Boulevard, San Francisco, California ("the property"). (Compl. ¶ 7; Defs.' Req. for Judicial Notice in Supp. of Mot. to Dismiss[1] ("RJN"), Ex. 5.) Golden West Savings

---

[1] The court grants Defendant Wells Fargo's request for judicial notice of Exhibits 5-7, the deed of trust and notices of default recorded in connection with Plaintiffs' loan. They are true and correct copies of official public records of the San Francisco Assessor-Recorder's Office, and their authenticity is capable of accurate and ready determination by resort to sources whose accuracy

1  Association Service Co. was named as the trustee on the deed of trust. (RJN Ex. 5.) In 2007, World
2  Savings Bank changed its name to Wachovia Mortgage, FSB. In 2009, Wachovia Mortgage, FSB
3  became Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo"). (RJN Exs. 1-
4  4.[2]) At some point, Cal-Western Reconveyance Corporation ("Cal-Western") was substituted as the
5  trustee on the deed of trust.[3]

6  On June 10, 2010, Cal-Western, acting as the trustee, executed a Notice of Default, alleging
7  that Plaintiffs defaulted on the loan in December 2009 and that the amount due on the note was
8  $30,334.59. (Compl. ¶ 9.) This notice was later rescinded and a new one recorded in its place on
9  September 20, 2010, alleging that the amount due on the note was $43,879.52. (Compl. ¶¶ 10, 11.)
10 Other than the different amounts alleged to be due on June 10, 2010 and September 20, 2010, both
11 notices of default were identical and supported by the same declaration from Wachovia Mortgage.
12 (Compl. ¶ 11; RJN Ex. 6.)

13 On January 25, 2011, Cal-Western executed a Notice of Trustee's Sale, setting the trustee's
14 sale for February 22, 2011. (Compl. ¶ 12; RJN Ex. 7.) The sale was apparently postponed for
15 several months, and was finally set for August 25, 2011.[4] (Compl. ¶ 12.)

16 Plaintiffs filed their complaint against Wells Fargo and Cal-Western in San Francisco
17 Superior Court on August 24, 2011, alleging four causes of action: 1) wrongful foreclosure; 2)
18 declaratory relief; 3) injunctive relief; and 4) slander of title. (Compl. 5-6.) Wells Fargo removed
19 the case to federal court on September 26, 2011.

## II.  LEGAL STANDARD

---

cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Plaintiffs do not object to the court taking judicial notice of these or any other documents submitted in support of the motion to dismiss.

[2] The court grants Defendant Wells Fargo's request for judicial notice of Exhibits 1 through 4, which establish the history of Wachovia Mortgage, FSB. The court finds that these are true and correct copies of documents reflecting official acts of the executive branch of the United States, and that they are judicially noticeable pursuant to Rule 201(b)(2) of the Federal Rules of Evidence.

[3] Plaintiffs have not alleged that the substitution of Cal-Western for Golden West Savings Association Service Co. as the trustee was improper.

[4] The property eventually was sold at a trustee's sale on October 12, 2011, and Plaintiffs subsequently filed a motion before this court to set aside the trustee's sale. [Docket No. 19.] This court concurrently issues a separate Order denying that motion.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation & quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

"[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1363 (3d ed. 2004).

## III.  DISCUSSION

As noted, Plaintiffs' complaint contains four causes of action: 1) wrongful foreclosure; 2) declaratory relief; 3) injunctive relief; and 4) slander of title. The court will address each in turn.

### A.    Wrongful Foreclosure

Plaintiffs' claim for wrongful foreclosure is based upon its theory that Defendant Wells Fargo had no right to instruct the trustee to foreclose on the property. Specifically, Plaintiffs allege

1  upon information and belief that World Savings Bank securitized the promissory note through a
2  depository entity (Compl. ¶ 8), and that the "depository entity is an owner of the note and the only
3  beneficiary under the deed of trust." (Compl. ¶ 13.) Accordingly, Plaintiffs allege that non-judicial
4  foreclosure on the property was improper because "Wells Fargo has no right or interest in the
5  promissory note and is not a beneficiary under the deed of trust." (Compl. ¶ 13.) Plaintiffs assert
6  that the Notice of Default is void and invalid because the trustee, Cal-Western, acted upon the
7  request of Wells Fargo, which is not a holder of the note or the true beneficiary in interest under the
8  deed of trust. (Compl. ¶ 13.)

9  Judicially noticeable documents reveal that the original lender, World Savings Bank,
10 changed its name to Wachovia Mortgage, FSB, and is now a division of Wells Fargo Bank.
11 Therefore, Wells Fargo simply succeeded World Savings Bank's interest in the loan. *See* RJN Exs.
12 1-4; *see also Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010)
13 (judicially noticeable documents demonstrated that World Savings Bank, the original lender,
14 changed its name to Wachovia Mortgage and is now a division of Wells Fargo Bank, "so transfers
15 among those entities were proper.").

16 Plaintiffs do not dispute that Wells Fargo "succeeded in interest to World Savings Bank."
17 (Pls.' Opp'n 2.) However, they claim that this is irrelevant. At the hearing on this motion,
18 Plaintiffs' counsel stated that Plaintiffs' position that the foreclosure is improper rests entirely on
19 their argument that an alleged securitization of the note through a depository entity known as a Real
20 Estate Mortgage Investment Conduit ("REMIC") somehow rendered the lender's interest in the
21 property invalid. (Pls.' Opp'n 2.) Essentially, Plaintiffs' position is that the foreclosure is improper
22 because Wells Fargo is no longer the beneficiary on the deed of trust. Plaintiffs claim the REMIC
23 investors are the only proper beneficiaries.

24 The argument that parties lose their interest in a loan when it is assigned to a trust pool or
25 REMIC has been rejected by numerous courts. *See, e.g., Wadhwa v. Aurora Loan Servs., LLC*, No.
26 11-1784, 2011 WL 2681483, at *4 (E.D. Cal. July 8, 2011) (suggestion that "assignment of the note
27 to a [REMIC] renders any interest in the property other than plaintiffs' somehow invalid" has been
28 "rejected by numerous courts"); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039,

4

1043 (N.D. Cal. 2009) (argument that "all defendants lost their power of sale pursuant to the deed of trust when the original promissory note was assigned to a trust pool" is "both unsupported and incorrect"). The alleged "securitization of the loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust." *Reyes v. GMAC Mortgage LLC*, No. 11-0100, 2011 WL 1322775, at *2 (D. Nev. Apr. 5, 2011); *see also Nguyen v. Bank of Am. Nat'l Ass'n*, No. 11-3318, 2011 WL 5574917, at *9 (N.D. Cal. Nov. 15, 2011) (securitization of mortgage loan does not provide mortgagor with cause of action). "[S]ecuritization merely creates 'a separate contract, distinct from [p]laintiffs['] debt obligations" under the note, and does not change the relationship of the parties in any way. *Reyes*, 2011 WL 1322775, at *3 (quoting *Commonwealth Prop. Advocates, LLC v. First Horizon Home Loan Corp.*, No. 10-CV-375, 2010 WL 4788209, at *2 (D. Utah Nov. 16, 2010)). Indeed, Plaintiffs did not offer any cases that reached a different conclusion.

Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may initiate the foreclosure process upon default. *Hafiz*, 652 F. Supp. 2d at 1043. Here, Wells Fargo, the beneficiary and successor in interest to the World Savings Bank loan, made a substitution of trustee and granted Cal-Western the power to foreclose as permitted under California law. *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 334 (2008). Upon Plaintiffs' default on the loan, Wells Fargo directed Cal-Western to commence foreclosure. Accordingly, Cal-Western, as the undisputed trustee under the deed of trust, had the power and the duty to initiate foreclosure proceedings on the property, resulting in a sale of the property. *Id*. The facts Plaintiffs allege to support their theory of wrongful foreclosure do not give rise to a cognizable legal claim and accordingly their claim for wrongful foreclosure must be dismissed.

Moreover, Plaintiffs' claim for wrongful foreclosure fails because Plaintiffs have not tendered or offered to tender.[5] "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971); *see also Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale

---

[5] Plaintiffs concede in their opposition papers that tender is "impossible" in this case. (Pls.' Opp'n 4.)

notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."). "The rules which govern tenders are strict and are strictly applied . . . [t]he tenderer must do and offer everything that is necessary on his part to complete the transaction . . . and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Sav. & Loan*, 200 Cal. App. 3d 1154, 1165 (1988). In examining claims for wrongful foreclosure, federal courts have applied the tender rule in similar situations. *See Nguyen*, 749 F. Supp. 2d at 1034 (collecting cases) (granting motion to dismiss in part because plaintiff failed to allege credible tender offer).

In holding that a borrower must allege tender as an essential element of any causes of action based upon irregularities in the sale procedure, one California court found that "'[t]o hold otherwise would permit plaintiffs to state a cause of action without the necessary element of damage to themselves.' The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *FPCI RE-HAB 01 v. E & G Invs., Ltd.*, 207 Cal. App. 3d 1018, 1021-22 (1989) (citing *Arnolds Mgmt. Corp.*, 158 Cal. App. 3d at 580) (internal citation omitted); *see also Karlsen*, 15 Cal. App. 3d at 117-18 (where a borrower is in default on a loan and has shown no ability to "relieve herself from such defaults . . . *[e]quity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly and expensively futile act . . .*") (emphasis in original).

Because Plaintiffs have conceded an inability to tender the amount owed, Plaintiffs' claim for wrongful foreclosure also fails for this reason.

### B. Declaratory and Injunctive Relief

Plaintiffs' second and third claims are for declaratory and injunctive relief. Plaintiffs' declaratory relief "cause of action" is ultimately a request for relief based upon their wrongful foreclosure claim, which is being dismissed. *See Hafiz*, 652 F. Supp. 2d at 1043. Plaintiffs thus fail to raise a claim upon which declaratory relief may be granted.

Plaintiffs' injunctive relief "claim" fails for similar reasons. "Injunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action." *Mehta v. Wells*

*Fargo Bank*, *N.A.*, 737 F. Supp. 2d 1185, 1205 (internal quotation marks & citations omitted). "A cause of action must exist before injunctive relief may be granted." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1182 (E.D. Cal. 2010) (internal quotation marks & citations omitted). Plaintiffs' request is dependent on their wrongful foreclosure cause of action, and because that claim fails, the claim for injunctive relief must also fail.

### C. Slander of Title

Plaintiffs' fourth and final cause of action is for slander of title. "The recordation of an instrument facially valid but without underlying merit will give rise to an action for slander of title." *Stamas v. County of Madera*, No. 09-0753, 2011 WL 2433633, at *14 (E.D. Cal. June 14, 2011), (citing *Seeley v. Seymour*, 190 Cal. App. 3d 844, 858 (1987)). The elements of the slander of title tort are: "(1) publication, (2) absence of justification, (3) falsity and (4) direct pecuniary loss." *Seeley*, 190 Cal. App. 3d at 858.

Plaintiffs allege that the "Notice of Default and Election to Sell" was a "false statement" because "Wells Fargo had no beneficiary interest in the Property," and that publication of the "false statement impaired the vendibility of the Property and damaged Plaintiffs." (Compl. ¶¶ 29, 30.) As Plaintiffs' slander of title claims are based upon the same set of facts relied upon in their first cause of action -- namely, that the alleged securitization of the note through a REMIC rendered Wells Fargo's interest in the property invalid -- Plaintiffs fail to show the "falsity" of the notice of default, and thus cannot establish the third element of a slander of title claim.

### D. Leave to Amend

Federal Rule of Civil Procedure 15(a) establishes that leave to amend "shall be freely given when justice so requires." In general, valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court may also consider whether pleadings have previously been amended. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

At the hearing on this motion, the court specifically inquired whether Plaintiffs could identify any additional facts or legal theories to support Plaintiffs' claims. Plaintiffs' counsel responded that he could not. Therefore, the court finds that any amendment would likely be futile.

## IV. CONCLUSION

For the foregoing reasons, Defendant Wells Fargo's motion to dismiss Plaintiffs' first, second, third and fourth claims is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated: December 9, 2011



_____
DONNA M. RYU
United States Magistrate Judge

8