United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLODYMYR LOGVINOV, LYUDMYLA LOGVINOVA, individuals,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-04772 DMR<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE TRUSTEE'S SALE AND FOR SANCTIONS** |

Plaintiffs Volodymyr Logvinov and Lyudmyla Logvinova move the court to set aside a foreclosure sale of their property by Defendants Wells Fargo Bank, NA ("Wells Fargo") and Cal-Western Reconveyance Corp. ("Cal-Western") pursuant to 11 U.S.C. § 548. The court conducted a hearing on December 8, 2011, during which the parties were given an opportunity to present oral argument. For the reasons below, Plaintiffs' motion is denied.

### I. FACTUAL & PROCEDURAL BACKGROUND

On August 24, 2011, Plaintiffs filed an *ex parte* application for a temporary restraining order ("TRO") in the Superior Court for the County of San Francisco to prevent the foreclosure sale of their property from going forward. (Kerley Decl. ¶ 1, Oct. 21, 2011; Bailey Decl. ¶ 2, Nov. 4, 2011.) The court issued a TRO on that date, and ordered that the TRO would remain in effect until

the court ruled on Plaintiffs' application for a preliminary injunction, which the court set for hearing on September 13, 2011.  (Kerley Decl. ¶ 2, Ex. A; Bailey Decl. ¶ 2, Ex. A.)

On September 9, 2011, Plaintiffs and Wells Fargo entered into a stipulation to reschedule the hearing on Plaintiffs' application for a preliminary injunction to October 3, 2011.  (Kerley Decl. ¶ 3; Bailey Decl. ¶ 3, Ex. B.)  It states that "the parties . . . hereby stipulate to an order continuing the hearing on the Order to Show Cause re Preliminary Injunction until October 3, 2011 . . . The temporary restraining order shall remain in effect until such date."  (Bailey Decl. Ex. B.)

On September 26, 2011, one week before the scheduled hearing date on Plaintiffs' application for a preliminary injunction, Wells Fargo removed the action to this court.  After removal, Plaintiffs did not apply for an extension of the TRO or for a preliminary injunction.  On October 12, 2011, Wells Fargo proceeded with the foreclosure sale of Plaintiffs' property.  (Kerley Decl. ¶ 5; Bailey Decl. ¶ 6.)

On October 21, 2011, Plaintiffs filed the present motion to set aside the trustee's sale.  In their motion, Plaintiffs argue that Defendants acted in bad faith in violating the state court TRO.  In addition to seeking to set aside the trustee's sale, Plaintiffs ask that the court find Defendants in contempt and impose sanctions.

## II. DISCUSSION

Plaintiffs argue that pursuant to 28 U.S.C. § 1450, a TRO remains in full force and effect after removal until affirmatively dissolved or modified by the district court, and that the TRO at issue in this case had not been dissolved or modified by the district court as of the date of the trustee's sale.  (Pls.' Mot. 4; Pls.' Reply 6.)  Further, Plaintiffs argue that the TRO had not expired as of the date of sale, as it had no expiration date.  Therefore, according to Plaintiffs, Defendants' sale of the property violated the state court's TRO.

Injunctive orders issued by a state court prior to removal "remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.  However, as interpreted by the Supreme Court, Section 1450's seemingly broad language does not operate to extend the life of a state court-issued TRO beyond its effective period under state law, or in any case, beyond the time limits set forth in Federal Rule of Civil Procedure 65(b)(2) (*ex parte* TROs expire no later than

fourteen days after the date of removal, unless extended by the court for good cause, or by consent of the adverse party). *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70*, 415 U.S. 423, 426, 435-38 (1974) (Section 1450 does not "create a special breed of temporary restraining orders that survive beyond the life span imposed by state law . . . and beyond the life that the district court could have granted them . . . ."); *see also Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1183 n.5 (N.D. Cal. 2009).

Plaintiffs' argument that Section 1450 should be interpreted to maintain the full force and effect of a state court TRO until affirmatively dissolved or modified by the district court has been firmly rejected. The Supreme Court held that Section 1450's reference to the "'full force and effect' provided state court orders after removal of the case to federal court was not intended to be more than the force and effect the orders would have had in state court":

> At the outset, we can find no basis for petitioners' argument that [section] 1450 was intended to turn ex parte state court temporary restraining orders of limited duration into federal court injunctions of unlimited duration. Section 1450 was simply designed to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court . . .
>
> But while Congress clearly intended to preserve the effectiveness of state court orders after removal, there is no basis for believing that [section] 1450 was designed to give injunctions or other orders greater effect after removal to federal court than they would have had if the case had remained in state court. After removal, the federal court 'takes the case up where the State court left it off.' The 'full force and effect' provided state court orders after removal of the case to federal court was not intended to be more than the force and effect the orders would have had in state court."

*Granny Goose Foods*, 415 U.S. at 435-36 (internal citation omitted).

The Supreme Court went on to offer two examples to clarify the operation of a state TRO after removal:

> Where the state court issues a temporary restraining order of 15 days' duration on Day 1 and the case is removed to federal court on Day 13, the order will expire on Day 15 in federal court just as it would have expired on Day 15 in state court. Where, however, a state court issues a temporary restraining order of 15 days' duration on Day 1 and the case is removed to the federal court on Day 2, the restraining order will expire on Day 12,

3

applying the 10-day[1] time limitation of Rule 65(b) measured from the date of removal.

*Granny Goose Foods*, 415 U.S. at 440, n.15. Accordingly, Plaintiffs' position that the TRO had no expiration date runs afoul of the plain language of Rule 65 and *Granny Goose Foods*.

State law provides that a trustee's sale cannot take place until seven days after the termination of a restraining order that required the postponement of the sale, absent an express court order to the contrary. *See* Cal. Civil Code § 2924g(d) (trustee's sale "shall be conducted no sooner than on the seventh day after the earlier of . . . expiration or termination of the . . . restraining order . . . that required the postponement of the sale . . . ."). Therefore, the court must determine the expiration date of the TRO in order to rule on whether the sale at issue took place in violation of either the TRO or state law.

The state court issued the TRO on August 24, 2011, enjoining Defendants from proceeding with the trustee's sale of the property "until the court rule[d] on Plaintiff's application for a preliminary injunction." (Kerley Decl. Ex. A; Bailey Decl. Ex. A.) The court set Plaintiff's application for a preliminary injunction for hearing on September 13, 2011, and the parties subsequently entered into a stipulation to reschedule the hearing to October 3, 2011. As part of the stipulation, the parties agreed that "[t]he temporary restraining order [would] remain in effect until such date." (Bailey Decl. Ex. B.)

Wells Fargo argues that according to the language of the stipulation, the TRO was in effect only until October 3, 2011, the date of the rescheduled hearing. Wells Fargo asserts that the October 3, 2011 expiration date also conforms with the requirement of California Code of Civil Procedure section 527(d)(4), which provides that if an opposing party obtains a continuance of the hearing on the preliminary injunction, "the temporary restraining order shall remain in effect *until the date of the continued hearing*." Cal. Code Civ. Proc. § 527(d)(4) (emphasis added). Therefore, according to Wells Fargo, Defendants were entitled to proceed with the foreclosure sale after October 10, 2011, seven days after the TRO's October 3, 2011 expiration date. As the actual sale took place on

---

[1] The time set in the former rule at 10 days was revised to 14 days in 2009. *See* Fed. R. Civ. P. 65(b)(2).

October 12, 2011, Wells Fargo contends that it did not violate any state or federal court order or law, and therefore the trustee's sale was valid. The court agrees. Here, the TRO remained in effect only until October 3, 2011 both by operation of state law (California Code of Civil Procedure section 527(d)(4)), and the parties' stipulation. Therefore, Defendants met California's seven-day waiting period requirement before conducting the October 12, 2011 trustee's sale.

At oral argument, Plaintiffs' counsel contended that the language of the state court's August 24, 2011 order granting the *ex parte* application for TRO and setting a preliminary injunction hearing somehow "shifted the burden" to Defendant Wells Fargo to demonstrate why a preliminary injunction should not be issued.[2] Plaintiffs thus argue that upon removal to federal court, it was Defendant's burden to move to dissolve the TRO which had been granted by the state court. Plaintiffs' interpretation goes too far. The state court's order did nothing more than grant the *ex parte* application for the TRO and set a date at which Defendant would be given the opportunity to appear for the first time and present argument against an injunction. Nothing in the state court's order reasonably can be interpreted as "shifting the burden" normally allocated to the party seeking a restraining order or injunction.

### III. CONCLUSION

The court concludes that the TRO expired on October 3, 2011. Therefore, Defendants were entitled to proceed with the foreclosure sale seven days later. *See* Cal. Civil Code § 2924g(d). Defendants proceeded with the foreclosure sale of Plaintiffs' property on October 12, 2011, nine days after the expiration of the TRO. As such, the sale did not violate any court order. Therefore, Plaintiffs' motion to set aside the trustee's sale and for sanctions is DENIED.

IT IS SO ORDERED.

Dated: December 9, 2011

DONNA M. RYU
United States Magistrate Judge

---

[2] The relevant language of the state court's order is as follows: "On 9/13/11, Defendants may appear and show cause why this court should not issue an order enjoining the sale . . . ." (Kerley Decl. ¶ 2, Ex. A; Bailey Decl. ¶ 2, Ex. A.)